

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESSE BLOUNT, III,

                Plaintiff - Appellant,

    v.

MORGAN STANLEY SMITH BARNEY,
LLC and JIM NIELSEN, as an individual,

                Defendants - Appellees.

No. 13-17319

D.C. No. 3:11-cv-02227-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted December 11, 2015
San Francisco, California

Before: CLIFTON and OWENS, Circuit Judges and SMITH,[**] Chief District
Judge.

    Jesse Blount appeals from the district court's summary judgment in his

employment action alleging racial discrimination and retaliation in violation of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable William E. Smith, Chief District Judge for the U.S.
District Court for the District of Rhode Island, sitting by designation.

federal and California law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010), and we affirm.

The district court properly granted summary judgment on Blount's racial discrimination claims under Title VII and California's Fair Employment and Housing Act (FEHA). Some of the incidents identified by Blount did not constitute adverse employment actions as a matter of law. *See Chuang v. Univ. of Cal. Davis Bd. of Trs.*, 225 F.3d 1115, 1125 (9th Cir. 2000) (defining "adverse employment action" for purposes of a discrimination claim); *see also Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (same analysis applies to Title VII and FEHA claims). Blount also failed to raise a genuine dispute of material fact as to whether MSSB's legitimate, non-discriminatory reasons for its conduct were pretextual. *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112–13 (9th Cir. 2011) (describing plaintiff's burden to demonstrate pretext).

The district court also properly granted summary judgment on Blount's retaliation claims under Title VII and FEHA. Some of the alleged retaliatory actions identified by Blount were not adverse as a matter of law. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (defining adversity for purposes of a retaliation claim). Blount also failed to raise a genuine dispute of

2

material fact as to whether MSSB's legitimate, non-discriminatory reasons for its actions were pretextual or whether there was a causal link between his protected activity and the alleged adverse employment actions. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013) (requiring plaintiffs to demonstrate that the protected activity "was a but-for cause of the alleged adverse action by the employer").

Finally, the district properly granted summary judgment on Blount's claim of failure to prevent discrimination and retaliation under Title VII and California law. Blount has failed to sustain an underlying discrimination or retaliation claim upon which he can base a failure to prevent claim.

Because the district court did not err in granting summary judgment on Blount's claims, it also did not err in its order as to costs.

**AFFIRMED**.